## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL VOLL,** | ) Case No. 1:07 CV 251 |
| | ) |
| **Plaintiff,** | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) and |
| **ROBERT FALOR,** *et al.*, | ) **SCHEDULING ORDER** |
| | ) |
| **Defendants.** | ) |

Before the Court is Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (**ECF No. 3**). For the following reasons, the Motion for Temporary Restraining Order is **DENIED**. Furthermore, as set forth below, the Court is issuing a schedule for discovery and briefing on the question of preliminary injunctive relief.

**I.**

On January 30, 2007, Plaintiff Michael Voll filed the instant Verified Complaint for Money Damages, Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Appointment of a Receiver, against Defendants Robert Falor, The Falor Companies, Inc., BRFLMF, LLC, Guy Mitchell and Mitchell Hotel Group, LLC. *ECF No. 1* ("Verified Complaint"). Plaintiff contemporaneously filed an ex parte document entitled

Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. *ECF No. 2* ("Motion").

Taken together, Plaintiff alleges that, in order to obtain more than $1 million in financing from the Plaintiff for various real estate investments, Defendants made promises and commitments to him, largely involving extraordinary returns on his investments, that they had no intention of fulfilling, and that they concealed multi-million dollar side deals between and amongst themselves to use the money that had been invested for their personal gain. *Verified Complaint* ¶ 3; *Motion* at 1-2. Defendants allegedly breached those promises as soon as funding was in hand. *Id*. Plaintiff frankly admits that, "based on legal proceedings initiated by numerous other dissatisfied partners and investors, [he] is only the most recent victim of a vast scheme orchestrated by the Defendants to lure investors and would be partners into parting with millions of dollars, only to fail to effectively manage and even abandon the projects, leaving a trail of bankruptcies, foreclosures, and defrauded investors behind." *Motion* at 2.

By ex parte Motion, Plaintiff asked the Court to:

■ Enjoin distribution of any money from sale of the Mayfair[1] and Printers Row[2] pending an accounting and appointment of a Receiver to oversee the cash assets;

■ Enjoin distribution of any money from bank accounts associated with the Tides, Tides Hotel Investors, LLC and/or Tides Hotel Manager, LLC[3] pending an accounting and the appointment of a Receiver to properly manage the assets; and

■ Appoint a Receiver to oversee the limited liability companies associated with the Mayfair, Printers Row and the Tides; and that the Receiver be authorized to conduct accountings with respect to these entities and retrieve any improper disbursements related

---

[1] The "Mayfair" is a 179-unit hotel located in Coconut Grove, Florida. *Motion* at 3.

[2] "Printers Row" Hyatt is a 162-unit hotel located in Chicago, Illinois. *Id*.

[3] The "Tides" is a 45-unit hotel located in Miami, Florida. *Verified Complaint* ¶ 47.

to these entities.

*Id.* at 20.

After reviewing the Verified Complaint and Motion, the Court spoke briefly with Plaintiff and his counsel at which time he informed them that he would not grant the motion on an ex parte basis. Accordingly, the Court directed Plaintiff to serve Defendants with copies of all filed documents, and scheduled a teleconference with counsel on February 2, 2007. *ECF No. 4.* At the conclusion of the February 2nd teleconference, the Court directed counsel for Defendant Robert Falor to submit an affidavit setting forth the status of past and/or pending sales of the four properties at issue in this case, and scheduled a followup teleconference on February 6, 2007. After holding a teleconference with counsel of record on February 6, the Court has satisfied itself that emergency relief is not in order for the following reasons.

In order to determine whether a plaintiff is entitled to a temporary restraining order or other injunctive relief, a district court must consider (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction on the public interest. *Sandison v. Michigan High School Athletic Ass'n, Inc.*, 64 F.3d 1026 (6th Cir. 1995). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). Emergency injunctive relief "is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Here, there is no dispute regarding the amount of Plaintiff's investment and the

fact that he has, to date, received no return on that investment. However, whether Plaintiff is likely to succeed on the merits is debatable and highly fact-intensive.[4] Without extensive discovery, the Court cannot pass on the likely success of the merits.

When Plaintiff filed the Verified Complaint and Motion, he was particularly concerned that there was an imminent contract for sale of one or more of the hotel properties at issue in this case, and argued that he needed an order prohibiting the improvident disbursement of those proceeds in the event of such sale. After reviewing Defendant Falor's affidavit and discussing this situation at length with counsel during the February 6 teleconference, the Court finds that no sale of any of the hotel properties is imminent. Moreover, the Court is ordering Defendant Falor to supplement his affidavit when and if there is a material change in the status of the sale of any of the subject properties or in the averments he made in paragraph 40 of his affidavit.

Finally, the Court cannot determine at this time the effect on third parties of granting the emergency relief sought by Plaintiff, which includes appointing a receiver over the subject properties. There are apparently approximately 50 other individual investors, and there are significant secured creditors. Plaintiff would most likely be required to post a significant bond to protect these parties from the adverse consequences of emergency relief.

In short, having balanced the factors involved in the decision whether to grant a

---

[4]Plaintiff alleges the following claims against Defendants Robert Falor and the Falor Companies only: fraud, breach of contract, unjust enrichment, breach of fiduciary duty, and negligent misrepresentation. Plaintiff alleges an unjust enrichment claim against Defendant Guy Mitchell and the Mitchell Hotel Group, LLC. With respect to all Defendants, Plaintiff alleges claims for conversion and civil conspiracy. Plaintiff seeks an accounting and the appointment of receivers over all the limited liability companies associated with the Mayfair, the Tides and Printers Row.

temporary restraining order, the Court concludes that such emergency relief is not necessitated at this time. Accordingly, the Motion for Temporary Restraining Order (**ECF No. 3**) is hereby **DENIED**.

That said, the question of preliminary injunctive relief remains pending. The Court directs Defendants to file a response to the Verified Complaint and Motion for Preliminary Injunction no later than February 28, 2007. The cutoff date for conducting discovery on the question of preliminary injunctive relief is May 28, 2007. Finally, a post-discovery teleconference with counsel has been scheduled on Wednesday, June 6, 2007 at 12:00 noon EST. Counsel shall call in to the Court's bridge line at that time (216-357-7088). The Court will determine how to proceed at that time.

Again, Defendant Falor is under a continuing obligation to supplement his affidavit should there be a material change in either the possible sale of one of the properties or the averments he made in paragraph 40 of the affidavit.

**IT IS SO ORDERED.**

*/s/Dan Aaron Poslter 2/7/07*
**Dan Aaron Polster**
**United States District Judge**